IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WALDO QUINTANA                        :

   v.                                 :   Civil Action No. DKC 14-1586

                                        :
J.P. MORGAN CHASE BANK, N.A.,
et al.                                :

**MEMORANDUM OPINION**

**I.   Background**

Plaintiff Waldo Quintana, proceeding *pro se*, commenced this action on April 9, 2014, by filing a complaint in the Circuit Court for Montgomery County against Defendants J.P. Morgan Chase Bank, N.A. ("J.P. Morgan"); Select Portfolio Servicing, Inc. ("SPS"); Rosenberg and Associates, LLC ("Rosenberg"); and Doe(s) 1-100.  On May 14, SPS filed a notice of removal, asserting diversity jurisdiction.  SPS represented that Plaintiff is a citizen of Maryland, J.P. Morgan, a national banking association, has its principal place of business in Ohio, SPS is a Utah corporation, and Rosenberg is a citizen of Maryland.[1] While Rosenberg's Maryland citizenship would normally preclude diversity jurisdiction, SPS argues that Rosenberg, as the

---

[1] "LLCs bear the citizenships of all their members." *Branhaven, LLC v. BeefTex, Inc.*, 965 F.Supp.2d 650, 661 (D.Md. 2013) (citing *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004)).  For purposes of this opinion, however, it is assumed that at least one member is a Maryland citizen.

appointed substitute trustee should not be considered for purposes of establishing subject matter jurisdiction because it was fraudulently joined or, alternatively, it is a nominal party.  On July 3, 2014, an order was issued to Defendants to show cause why this case should not be remanded to the Circuit Court for Montgomery County, as it appeared that Rosenberg was not fraudulently joined or a nominal party.  (ECF No. 21).  SPS and J.P. Morgan responded on July 16 and July 18, 2014, respectively.  (ECF Nos. 22 and 23).  Plaintiff has not filed any response, and did not move for remand.  SPS and J.P. Morgan also filed motions to dismiss on May 21 and June 25, 2014, respectively.  (ECF Nos. 11 and 18).  Plaintiff did not oppose Defendants' motions to dismiss.  Indeed, Plaintiff has not filed anything in this court since removal.

**II. Analysis**

28 U.S.C. § 1441(a) allows defendants to remove an action "brought in a State court of which the district courts of the United States have original jurisdiction."  Defendants assert that this court has diversity jurisdiction because the controversy is between citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).  To remove a case on this basis, "[c]omplete diversity of citizenship must be established at the time of removal."  *Cox–Stewart v. Best Buy Stores, L.P.*, 295 F.Supp.2d 566, 567 (D.Md. 2005) (*citing Higgins v. E.I DuPont de*

*Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988)).  The removing party bears the burden of proving that removal was proper.  *See Greer v. Crown Title Corp.*, 216 F.Supp.2d 519, 521 (D.Md. 2002) (*citing Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)).  Courts "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court."  *Richardson v. Philip Morris Inc.*, 950 F.Supp. 700, 701-02 (D.Md. 1997) (internal quotation marks omitted).  This standard reflects the reluctance of federal courts "to interfere with matters properly before a state court."  *Id.*

    **A.**    **Fraudulent Joinder**

SPS argues that Rosenberg was fraudulently joined by Plaintiff, and urges the court to dismiss this nondiverse Defendant from this case and retain jurisdiction.  The doctrine of fraudulent joinder is an exception to the complete diversity rule that is normally required for a federal court to exercise diversity jurisdiction.  *See Feldman's Medical Center Pharmacy, Inc. v. CareFirst, Inc.*, 959 F.Supp.2d 783, 793 (D.Md. 2013).  This doctrine allows a federal court to "disregard for jurisdictional purposes, the citizenship of certain [in-state] defendants, assume jurisdiction over a case, dismiss th[ose] defendants, and thereby retain jurisdiction."  *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999).

When removal is based on a theory of fraudulent joinder, the defendant carries a very heavy burden. The defendant must show either that: (1) there has been outright fraud in the plaintiff's pleading, or (2) "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Id.* (*quoting Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)).

Judges in this court and others around the country have affirmed that "'no possibility' does actually mean no possibility." *Barlow v. John Crane Houdaille, Inc.*, WMN-12-1780, 2012 WL 5388883, at *2 n.1 (D.Md. Nov. 1, 2012) (*citing Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 426 (4th Cir. 1999) (noting that a plaintiff is only required to show "a slight possibility of a right to relief" or that he has a "glimmer of hope of success"); *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983) ("The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court.")).

In deciding whether a party has been fraudulently joined, a court may consider not only the allegations contained in the complaint, but the entire record. *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990). The court must "resolve all doubts about the propriety

4

of removal in favor of retained state court jurisdiction." *Hartley*, 187 F.3d at 425 (internal quotation marks omitted) (also noting that the standard is more favorable than the Rule 12(b)(6) standard).

SPS argues both outright fraud and that there is no possibility Plaintiff could establish a cause of action against Rosenberg. With regard to the fraud argument, SPS contends that there is no evidence Plaintiff has attempted to serve Rosenberg since the complaint was filed. The summons has expired and Plaintiff has not requested it be reissued. It further argues that Rosenberg is not the actual substitute trustee, but instead a group of its employees actually are named as substitute trustees. Finally, SPS states that Plaintiff has not responded to the notice of removal or the motions to dismiss filed by SPS and J.P. Morgan. None of these acts rise to the level of fraud, however; rather, they demonstrate a lack of diligence on the part of Plaintiff.

SPS also argues that there is no possibility of Plaintiff establishing a cause of action against Rosenberg because the complaint neither contains any specific allegations against Rosenberg, nor alleges that Rosenberg has any interest in Plaintiff's property or was involved in the mortgage at issue.

of removal in favor of retained state court jurisdiction." *Hartley*, 187 F.3d at 425 (internal quotation marks omitted) (also noting that the standard is more favorable than the Rule 12(b)(6) standard).

SPS argues both outright fraud and that there is no possibility Plaintiff could establish a cause of action against Rosenberg. With regard to the fraud argument, SPS contends that there is no evidence Plaintiff has attempted to serve Rosenberg since the complaint was filed. The summons has expired and Plaintiff has not requested it be reissued. It further argues that Rosenberg is not the actual substitute trustee, but instead a group of its employees actually are named as substitute trustees. Finally, SPS states that Plaintiff has not responded to the notice of removal or the motions to dismiss filed by SPS and J.P. Morgan. None of these acts rise to the level of fraud, however; rather, they demonstrate a lack of diligence on the part of Plaintiff.

SPS also argues that there is no possibility of Plaintiff establishing a cause of action against Rosenberg because the complaint neither contains any specific allegations against Rosenberg, nor alleges that Rosenberg has any interest in Plaintiff's property or was involved in the mortgage at issue.

The only claims that appear to be against Rosenberg[2] are for declaratory relief, negligence, and quiet title.  SPS argues that each of these claims cannot succeed.

It is not necessary to evaluate Plaintiff's quiet title claim and request for declaratory relief, because SPS's attempt to show that Plaintiff's negligence claim is futile is unavailing.  The complaint alleges that:

> Defendants, acting allegedly on information and belief as Plaintiff['s] lender and loan servicer, *trustee*, had a duty to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records, including, but not limited [to], accurate crediting of payments made by Plaintiff to avoid errors in accounting causing foreclosures[.]
>
> In taking the actions alleged above, and in failing to use care common in the industry, the Defendants and *each of them* by contribution and their roles as agents of one another, breached their duty of care owed to Plaintiff[] in the servicing of Plaintiff['s] loan by, among other things, fail[ing] to properly and accurately credit payments made by Plaintiff[] toward the loan, *preparing and filing false document[s], and threatening foreclosing on the Subject Property* without having the legal authority and/or proper documentation to do so.  Attempting to foreclose due to these acts is negligent conduct, *de minimis*.

---

[2] SPS points out that Rosenberg is not the actual substitute trustee, but instead the substitute trustees are a group of its employees.  Giving *pro se* Plaintiff's complaint a liberal reading, any reference to Rosenberg will be construed as also naming its employees, who served as substitute trustees.

6

> This conduct foreseeabl[y] caused injur[y] and damage[] personally and economically [to] the plaintiff in a sum to be proven at trial. Such behavior also cause[d] an infliction of emotional distress as a foreseeable consequence so proximately caused.

(ECF No. 2 ¶¶ 52-53) (emphases added).  SPS contends that there is no allegation that Rosenberg had anything to do with the maintenance, accounting, and servicing of loan records.  The only portion of the negligence claim that could possibly be directed at Rosenberg is the claim that it breached its duty by filing false documents and threatening foreclosure without proper legal authority or documentation.  This argument is based solely upon Plaintiff's claim that the trust did not have standing to foreclose.  SPS argues that the land records clearly show that the trust had authority to pursue this foreclosure and argue that no false documents have been filed.  While the documents attached to SPS's motion demonstrate that the trust properly possessed the deed of trust and assigned Rosenberg's employees as its substitute trustees, whether any false documents were prepared and filed as part of the foreclosure action is a separate question from whether Rosenberg validly holds its position as substitute trustee.  A person can be validly appointed a substitute trustee and still file a false document or improperly threaten foreclosure.  Again, this is not to suggest that Plaintiff's claims are robust, but Plaintiff's

negligence claim possesses at least a glimmer of hope (albeit faint), which is all that is needed to defeat fraudulent joinder.

    **B.  Nominal Party Status**

SPS also argues that Rosenberg's citizenship should be disregarded for diversity purposes because it is a nominal party.  When assessing diversity of the parties, "[d]iversity jurisdiction must be based only on the citizenship of the real parties in interest, ignoring the citizenship of merely nominal or formal parties."  *Nat'l Ass'n of State Farm Agents, Inc. v. State Farm Mutual Auto. Ins. Co.*, 201 F.Supp.2d 525, 529 (D.Md. 2002); *see also Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 n.3 (4th Cir. 2004) ("Diversity jurisdiction is also judged by the real parties in interest.").

The United States Court of Appeals for the Fourth Circuit recently clarified what constitutes a "nominal party" in *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255 (4th Cir. 2013).  The Fourth Circuit determined that "[n]ominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal."  *Id.* at 260 (noting that a stake in the litigation means a "real or tangible interest in the litigation's outcome").  "[T]he key inquiry is whether the suit can be resolved without affecting the [] nominal defendant in any

reasonably foreseeable way." *Id.* "Determining nominal party status is a practical inquiry, focused on the particular facts and circumstances of a case, which district courts can be relied upon to apply with sound judgment." *Id.* (*citing Shaughnessy v. Pedreiro*, 349 U.S. 48, 54 (1955)). In applying this standard, the Fourth Circuit found that the defendant who was challenged as being "nominal" was in fact nominal because the plaintiff sought "no monetary judgment" nor "any non-declaratory injunctive relief" from it, as such, the defendant in no way would be directly affected by the outcome of the case. *Id.* at 261; *see also Alban Waste, LLC v. CSX Transp., Inc.*, 9 F.Supp.3d 618, 619-21 (D.Md. 2014) (concluding that nondiverse defendants were nominal parties because plaintiff was "seek[ing] neither [a] monetary judgment nor any nondeclaratory, injunctive relief against them"). In addition, the court stated that the defendant's nominal status was evident considering that were this defendant "not included in this action, it would have no effect on [plaintiff's] ability to be made whole by the other [defendants.]" *Id.* at 261.

SPS argues that Rosenberg, as a trustee, has no personal stake in the outcome or an independent interest in the property and is therefore a nominal party. SPS believes that "without specific allegations of misconduct against them, Substitute Trustees who hold title solely for other[s'] benefit[] are

9

considered nominal parties for purposes of diversity jurisdiction." (ECF No. 22, at 8).

In this case, *Hartford's* "key inquiry" shows that Rosenberg is not a nominal party as it has a real and tangible stake in the outcome of this litigation. Contrary to Defendants' assertions, this is not a case where the trustee appears in the pleadings solely due to its position as substitute trustee. Plaintiff asserts several claims and requests various relief from Rosenberg, including monetary and injunctive relief in conjunction with his negligence and quiet title claims.[3] (ECF No. 2, at 15-16, 18-21). Plaintiff's complaint also includes specific factual allegations of wrongdoing by Rosenberg, namely, that it has breached its duty of care by "preparing and filing false document[s], and threatening to foreclos[e] on the Subject Property without having the legal authority and/or proper documentation to do so." (ECF No. 2, at 19); *cf. Mansfield v. Vanderbilt Mortg. and Fin., Inc.*, 29 F.Supp.3d 645, 651-52 (E.D.N.C. 2014) ("Tellingly, plaintiff's complaint includes no factual allegations against the defendant trustees, but rather pleads only that they are substitute trustees on plaintiff's deed of trust in the foreclosure action and that they are

---

[3] Specifically, as part of his negligence claim, Plaintiff seeks monetary damages for the alleged personal and economic injuries he sustained as well as the emotional distress he suffered (ECF No. 2, at 19), and injunctive relief as part of his quiet title claim (*Id.* at 21).

10

citizens of North Carolina."). Because Plaintiff asserts specific factual allegations against Rosenberg and seeks monetary and injunctive relief from this Defendant, Rosenberg has a real stake in this litigation, as a favorable judgment for Plaintiff could render Rosenberg liable for damages and other forms of relief.

**III. Conclusion**

Because Rosenberg has not been fraudulently joined by Plaintiff and is not a nominal party, its Maryland citizenship destroys diversity between the parties, which precludes this court from exercising subject matter jurisdiction over this case. Consequently, removal was improper and this case will be remanded. A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge